**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RONALD L. HAZARD, | : | **Hon. Jerome B. Simandle** |
| Petitioner, | : | Civil Action No. 06-1833 (JBS) |
| v. | : |  |
| CHARLES E. SAMUELS, JR. | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES**:

    RONALD L. HAZARD, #11304-014
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge:

Ronald L. Hazard filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence as unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005). Having thoroughly reviewed Petitioner's submissions, this Court dismisses the Petition for lack of jurisdiction.

## I.   BACKGROUND

Petitioner challenges a 235-month sentence filed in the United States District Court for the District of Connecticut on January 19, 1995, based on his plea of guilty to two counts of conspiracy to possess with intent to distribute and to distribute

500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  See United States v. Hazard, Crim. No. 92-0098 (EBB) (D. Conn.  filed Dec. 16, 1992).  The Second Circuit Court of Appeals affirmed the conviction on December 4, 1995.  See United States v. Hazard, C.A. No. 95-1062 (2nd Cir. filed Feb. 3, 1995). Petitioner asserts that he did not file a motion to vacate the sentence under 28 U.S.C. § 2255.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging his sentence as unconstitutional.  Although he does not cite Booker or Apprendi, Petitioner claims that "the constructive amendment of the indictment violated the Grand Jury clause of the fifth Amendment of the U.S. Constitution" (Pet. ¶ 3(b), because the district court determined the length of his sentence on the basis of drug quantity that was not specified in the indictment, admitted to in the guilty plea, or found beyond a reasonable doubt by a jury.

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.[1]  Petitioner argues that § 2255 is "inadequate or ineffective", see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), because Apprendi was decided after the one-year statute of limitations under § 2255 expired and he had no opportunity to raise the claim under § 2255.  Although Petitioner had no opportunity to raise the claim under § 2255 before the statute of limitations expired, this does not establish that § 2255 is an "inadequate or ineffective" remedy.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Unlike the situation in In re Dorsainvil, the rulings in Apprendi and Booker did not decriminalize the conduct for which Petitioner was convicted, i.e., conspiracy to distribute cocaine.[2]  See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (§ 2255 is not inadequate or ineffective to raise Apprendi claim); see also Padilla v. United States, 416 F.3d 424 (5th Cir. 2005) (court lacks jurisdiction under § 2241 because § 2255 is not inadequate or ineffective remedy for Booker claim); Sanford v. Nash, 2006 WL 910054 (3d Cir. April 10, 2006); Silvestre v. Yost, 2005 WL 3196600 *2 (3d Cir. Nov. 30, 2005).

---

[2] The Third Circuit emphasized the narrowness of its holding in In re Dorsainvil:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.  **However, allowing someone in Dorsainvil's unusual position – that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively – is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil, 119 F.3d at 251 (emphasis added).

Under these circumstances, § 2255 is not inadequate or ineffective for a Booker claim and this Court lacks jurisdiction over this Petition under § 2241.

### III.  CONCLUSION

The Court lacks jurisdiction to entertain Petitioner's claims under § 2241 and dismisses the Petition.


                                    **s/ Jerome B. Simandle**
                                    **JEROME B. SIMANDLE, U.S.D.J.**

Dated:  **June 9**, **2006**